**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No.95-60803
_____

HERWIN NOE,

                                        Petitioner-Appellant,


                         versus


JAMES V. ANDERSON,
SUPERINTENDENT,
MISSISSIPPI STATE PENITENTIARY,

                                        Respondent-Appellee.

_____

Appeal From the United States District Court
for the Southern District of Mississippi
3:95-CV-426WS
_____

January 6, 1997

Before POLITZ, Chief Judge, and WIENER and STEWART, Circuit Judges.

PER CURIAM:[*]

    Petitioner-Appellant Herwin Noe appeals from the district court's dismissal of his Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254.  For the reasons that follow, we

---

    [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

affirm the district court's dismissal of the petition.

**I**

**FACTS AND PROCEEDINGS**

Herwin Noe was convicted on two counts of aggravated assault in the Circuit Court of Hinds County, Mississippi, First Judicial District, on November 8, 1990 and the next day received a twenty year sentence for each count, to run consecutively with each other and with a life sentence for murder received in another case. The facts adduced at trial upon which these convictions were based are fully described in the Mississippi Supreme Court opinion that decided Noe's direct appeal.[2] For purposes of this opinion, it will suffice that: (1) Noe, a drug dealer in Jackson, Mississippi, was engaged in a sale of crack cocaine to two individuals, Willie Jones and Sammie Tate, who upon receiving the contraband, fled without paying; (2) Noe subsequently located Jones and Tate and shot them while they were seated, defenseless, in a car; and (3) both victim Tate and a drug runner for Noe, Russell Loveless, offered eyewitness identifications of Noe as the assailant.

Noe appealed his conviction and sentence to the Mississippi Supreme Court, arguing that the trial court erred in (1) overruling his pre-trial Motions to Dismiss for violation of his right to a speedy trial under the Mississippi and United States Constitutions, and (2) overruling his Motion for Directed Verdict and Motion for

---

[2] <u>Noe v. State</u>, 628 So.2d 1368 (Miss. 1993).

a New Trial or Judgment Notwithstanding the Verdict. The Mississippi Supreme Court affirmed Noe's conviction and sentence in December 1993.[3]

Noe then filed in the Mississippi Supreme Court an Application for Post-Conviction Relief pursuant to the Mississippi Uniform Post-Conviction Relief Act.[4] In addition to reurging the same two claims asserted in his direct appeal, Noe also alleged numerous other constitutional violations, most of which were subsumed under a general allegation that he received ineffective assistance of counsel. The Mississippi Supreme Court denied Noe's claims finding that (1) they were procedurally barred from consideration under Miss. Code Ann. § 99-39-21, (2) they failed to present a substantial showing of the denial of a state or federal right as required by Miss. Code Ann. § 99-39-27, and (3) Noe failed to show that he was denied effective assistance of counsel.

Noe filed the instant pro se Petition for Writ of Habeas Corpus in federal district court pursuant to 28 U.S.C. § 2254 in June 1995, raising the same sixteen claims he asserted in his state post-conviction relief application. The Respondent-Appellee Raymond Roberts, Superintendent, Mississippi State Penitentiary,[5]

---

[3] Id.

[4] Miss. Code Ann. § 99-39-1 et seq.

[5] Noe's petition actually names Edward Hargett, Superintendent, Mississippi State Penitentiary, as the Respondent. Both James Anderson, the Respondent named in the caption, and Roberts, we presume, are Hargett's successors.

answered briefly asserting only that (1) petitioner's claims are precluded from consideration by virtue of their having been rejected by the Mississippi Supreme Court on adequate and independent state law grounds, and (2) his claims are unmeritorious. A magistrate judge considered the matter and entered a Report and Recommendation, proposing that Noe's petition be denied. With regard to the procedural bar defense raised by the Respondent, the magistrate judge found that (1) Noe's claims were procedurally barred under Mississippi law, (2) he had shown neither cause for his failure to raise the issues on direct appeal nor resulting prejudice, and (3) he had not demonstrated that the federal court's failure to consider the defaulted claims would result in a fundamental miscarriage of justice. Proceeding in the alternative, the magistrate judge examined the issues that bore on Noe's claim of ineffective assistance of counsel and determined that none evidenced either sufficiently deficient performance or resulting prejudice under the demanding standards of Strickland v. Washington.[6] Finally, the magistrate reviewed the two remaining grounds that were not deemed procedurally barred but were not related to Noe's ineffective counsel claim and determined that Noe was not entitled to relief on these grounds either.

The district court adopted the magistrate judge's Report and Recommendation over Noe's objections and dismissed his habeas

---

[6] 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

4

petition.  Noe timely filed a notice of appeal from the district court order and filed a motion for a certificate of probable cause (CPC) which was denied by the district court.  We granted Noe a CPC on April 23, 1996.

## II

## ANALYSIS

On appeal, Noe makes essentially two arguments.  First, he contends that the district court incorrectly determined that his claims are procedurally barred by an adequate and independent state law ground because the Mississippi Supreme Court has not strictly or regularly applied the procedural bar found in Miss. Code Ann. 99-39-21.  Second, he argues that the district court erred in finding that he is not entitled to relief on the merits of his claims.  Although we agree with Noe that the district court erred in its determination concerning the applicability of Mississippi's procedural bar to his ineffective assistance of counsel claims, we nevertheless affirm the district court's dismissal of his petition, holding that (1) Noe's other waived claims, which are <u>unrelated</u> to ineffective counsel, are procedurally barred, and (2) Noe is not entitled to relief on the merits of his remaining unwaived and unbarred claims, specifically, his ineffective assistance of counsel claim, his sufficiency of the evidence claim, and his speedy trial claim.

1. STANDARD OF REVIEW

5

We have recently held that the newly enacted Amended Standard Procedures of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)[7] are immediately applicable to all pending, non-capital habeas petitions.[8]  In reviewing the proceedings of petitioners in state custody, we therefore employ the following standards of review.  First, we shall, just as we always have, accord state court factual findings a presumption of correctness.[9]  Furthermore, a writ of habeas corpus may be granted only when a state court's application of clearly established federal law to the specific facts of a case is "unreasonable,"[10] i.e., when "a state court decision is so clearly incorrect that it would not be debatable among reasonable jurists."[11]  Finally, our review of a district court's denial of a federal habeas petition based on a state procedural ground remains unchanged by the AEDPA; it presents a legal question which we review <u>de novo</u>.[12]

2. APPLICATION OF MISSISSIPPI'S DIRECT APPEAL BAR

---

[7] AEDPA §§ 101-106, Pub. L. No. 104-132, Sec. 101-106, 110 Stat. 1214, 12-14-21 (1996), <u>codified at</u>, 28 U.S.C. §§ 2241-2255.

[8] <u>Mata v. Johnson</u>, 99 F.3d 1261, 1266 (5th Cir. 1996); <u>Drinkard v. Johnson</u>, 97 F.3d 751, 769 (5th Cir. 1996).

[9] 28 U.S.C. § 2254(e)(1) (1996). <u>See also</u>, <u>Amos v. Scott</u>, 61 F.3d 333, 337-38 (5th Cir.), <u>cert. denied</u>, ___ U.S. ___, 116 S.Ct. 557, 133 L.Ed.2d 458 (1995).

[10] 28 U.S.C. § 2254(d) (1996).

[11] <u>Drinkard</u>, 97 F.3d at 769.

[12] <u>Amos</u>, 61 F.3d at 338.

6

Under the now well-established procedural default doctrine, a federal court may not review a state prisoner's federal habeas claim when the state has rejected that claim as defaulted pursuant to an adequate and independent state procedural rule, unless the petitioner can demonstrate cause for the default and resulting actual prejudice or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.[13]  In this case, the Mississippi Supreme Court appeared to reject Noe's claim on the basis of just such a procedural rule when it held that Noe's claims are "barred from consideration by Miss. Code Ann. §99-39-21 of the Mississippi Uniform Post-Conviction Act."[14]  Section 99-39-21(1) prevents, inter alia, a convicted defendant from raising issues in collateral proceedings that he did not raise on direct appeal.[15]  Here, Noe failed to raise on direct appeal all but

---

[13] <u>Coleman v. Thompson</u>, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991); <u>Martin v. Maxey</u>, 98 F.3d 844, 847 (5th Cir. 1996).

[14] As mentioned above, the Mississippi Supreme Court also dismissed Noe's claims because it found that they "fail[ed] to present a substantial showing of the denial of a state or federal right as required by Miss. Code Ann. § 99-39-27."  Although Respondent characterizes this reason for dismissal as another adequate and independent state ground, dismissal under section 99-39-27 clearly represents an evaluation, however summary, of the merits of petitioner's claim.  It therefore cannot be addressed under the <u>procedural</u> default doctrine and is clearly not a ground "independent" of the merits of Noe's claim that he is being held "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a).

[15] Section 99-39-21(1) provides as follows:
   Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law

7

two of the claims raised in his identical state and federal habeas petitions, and thus the Mississippi Supreme Court's application of the state's direct appeal bar would seem to be appropriate.

Another axiom of the procedural default doctrine, however, is that a state procedural ground will not be "adequate," and thus will not bar consideration of an issue, if the bar is not "'strictly or regularly' applied by the state to the 'vast majority of similar claims.'"[16] Relying on a line of Fifth Circuit decisions in which we noted that there was a time window during which the Mississippi Supreme Court did not strictly or regularly apply the direct appeal bar of §99-39-21 to claims of ineffective assistance of counsel asserted for the first time in collateral proceedings,[17] Noe argues that the court's use of the bar was therefore not "adequate" in his case. Respondent counters that the Mississippi Supreme Court has applied the provisions of §99-39-21 over the last ten years to a wide variety of claims not raised at trial and on direct appeal and thus invites us to declare any "window" of

---

which were capable of determination at trial and/on direct appeal . . . shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.

[16] Martin, 98 F.3d at 847 (quoting Amos, 61 F.3d at 339).

[17] See Wilcher v. Hargett, 978 F.2d 872, 879 (5th Cir. 1992), cert. denied, 510 U.S. 829, 114 S.Ct. 96, 126 L.Ed.2d 63 (1993); Smith v. Black, 904 F.2d 950, 976 n.8 (5th Cir. 1990), vacated on other grounds, 503 U.S. 930, 112 S.Ct. 1463, 117 L.Ed.2d 609 (1992); Wheat v. Thigpen, 793 F.2d 621, 627 (5th Cir. 1986), cert. denied, 480 U.S. 930, 107 S.Ct. 1566, 94 L.Ed.2d 759 (1987).

8

inconsistent application closed.  Fortunately, we need not delve too deeply into this question because we recently faced this precise issue squarely.[18]

In <u>Martin v. Maxey</u>,[19] we reviewed our previous statements on this issue and noted that we have "yet to determine whether Mississippi has begun to apply its direct appeal bar strictly and regularly, and if so, when this application began."[20]  We also observed that "[a] state has failed to strictly and regularly apply a procedural rule only when the state 'clearly and unequivocally excuse[s] the procedural default."[21]  We further reasoned that any exception to a state procedural bar rule is "claim specific;" that is, for a petitioner to circumvent the state's assertion of a procedural bar, he must show that the state "fail[s] to apply the rule to claims '<u>identical or similar</u>' to the petitioner's claim."[22]  Finally, turning to the precise issue now before this panel (the application of Mississippi's direct appeal bar to ineffective assistance of counsel claims), we concluded in <u>Martin</u> that "[u]nder Mississippi law, the failure to raise an ineffective assistance of counsel claim on direct review does not constitute a procedural bar

---

[18] 98 F.3d 844 (5th Cir. 1996).

[19] <u>Id.</u>

[20] <u>Id.</u> at 847.

[21] <u>Id.</u> (quoting <u>Amos</u>, 61 F.3d at 342).

[22] <u>Id.</u> at 847–48.

9

where . . . the litigant was represented by the same counsel at trial and on direct appeal."[23]  In the instant case, Noe was represented by the same lawyer both at trial and on direct appeal. Being thus precedentially bound by our holding in Martin, we conclude that the district court clearly erred in dismissing Noe's claims of ineffective assistance of counsel as barred by an adequate and independent state procedural rule.

Before determining whether Noe's ineffective assistance of counsel claims were properly dismissed on their merits, however, we must first address whether Noe's claims that were not related to ineffective assistance of counsel and that were not raised on direct appeal are procedurally waived or saved.  Again in Martin, we addressed this same issue in relation to another potentially procedurally barred claim unrelated to ineffective counsel (there, a speedy trial claim) and concluded that a petitioner must "demonstrate that Mississippi's direct appeal bar was not strictly and directly applied near the time of his direct appeal to cases

_____

[23] Id. at 848 (emphasis added).  We further note that even if the Martin decision had not been published prior to this opinion, we would have reached an identical conclusion based on our own review of Mississippi Supreme Court jurisprudence.  Compare Cole v. State, 666 So.2d 767, 775 (Miss. 1995) (observing that when a defendant is represented by same counsel at trial and on direct appeal, a post-conviction proceeding represents his first "meaningful opportunity" to present a claim of ineffective assistance of counsel) with Moore v. State, 676 So.2d 244, 245 (Miss. 1996) (finding that when petitioner had separate counsel at trial and on direct appeal, he had "meaningful opportunity" to raise issue of ineffective trial counsel on direct appeal and thus is procedurally barred from asserting for first time in collateral proceeding that trial counsel was constitutionally deficient).

10

involving [claims unrelated to ineffective assistance of counsel] raised for the first time in his post-conviction collateral proceedings."[24] In the instant case, as in Martin, the Petitioner has failed to make this showing with regard to his four claims that are unrelated to his ineffective assistance of counsel claim and that were raised for the first time on collateral review — namely, (1) discovery violations, (2) incomplete records, particularly the trial court's failure to transcribe closing arguments pursuant to both parties' agreement, (3) to the extent it is independent of his ineffective counsel claim, a witness's and the prosecutor's reference to another crime attributed to the petitioner, and (4) failure of the trial court, sua sponte, to give a curative instruction regarding that other crime testimony. In the absence of any indication that the Mississippi Supreme Court has failed to apply the state's direct appeal bar to these types of claims, we are convinced that the Mississippi Supreme Court's application of the bar to these four claims did constitute an adequate and independent state procedural ground. Finally, as Noe has not demonstrated that there was any objective, "external impediment preventing counsel from constructing or raising the claim[s]" waived on direct appeal that would constitute cause for his procedural default,[25] and, moreover, has not asserted that a

---

[24] Martin, 98 F.3d at 849.

[25] Murray v. Carrier, 477 U.S. 478, 492, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Although attorney error can theoretically

11

fundamental miscarriage of justice would result from a federal court's failure to consider these claims,[26] we affirm the district court's dismissal of these claims as procedurally barred.

3. THE MERITS OF NOE'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

In Martin, in which we were required to remand consideration of the petitioner's ineffective assistance of counsel claim to the district court because it had only considered that claim to the extent it bore on whether there was cause to excuse the petitioner's procedural default of that very claim. Here, however, the district court did address, albeit in the alternative, the substance of Noe's ineffective assistance of counsel claims in their own right and held under the familiar two-step analysis established by the Supreme Court in Strickland v. Washington that they lacked merit.[27] We shall therefore review the district court's dismissal of these claims on their merits just as we would any other summary judgment dismissal —— that is, we review the district court's decision de novo.

To prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate (1) that his counsel was deficient,

---

serve as cause for a procedural default, Id. at 488, a habeas petitioner must establish that the error was constitutionally deficient under the demanding standard of Strickland, Id., a showing that Noe does not make with regard to his defense counsel's decision not to raise every conceivable constitutional violation in his direct appeal.

[26] Martin, 98 F.3d at 849.

[27] 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

12

i.e., that counsel's performance was not objectively reasonable, and (2) that the deficient performance prejudiced the petitioner so as to deprive him of a fair trial.[28]  As the district court observed, the objective reasonableness standard by which counsel's performance is judged is "highly deferential;" accordingly, there is a strong presumption that counsel's conduct "falls within the wide range of reasonable professional conduct" and that "the challenged action 'might be considered sound trial strategy'"[29]  To satisfy the prejudice requirement, a petitioner must show that but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different.[30]  Finally, both prongs of the Strickland test must be satisfied for an ineffective assistance of counsel claim to merit relief; failure to satisfy either one ends the inquiry.[31]

In the instant case, Noe asserts a variety of grounds for his general ineffective assistance of counsel claim.  We have carefully reviewed the record and both parties' briefs on this issue and have reached the conclusion that the district court reached the correct result in finding that Noe is not entitled to relief on any of these grounds.

---

[28]  466 U.S. at 687-88.

[29]  Id. at 689 (citation omitted).

[30]  Id. at 694.

[31]  Bryant v. Scott, 28 F.3d 1411, 1415 (5th Cir. 1994).

13

Noe's first major ground for asserting ineffective assistance of counsel is that his attorney was deficient in not challenging the admissibility of allegedly suggestive identification evidence presented by the prosecution. We find that this ground lacks merit primarily because neither of the two identifications of which Noe complains — one of the victims (Tate) testified that he recognized the petitioner as his assailant when he saw the Petitioner's driver's license photograph on television, and Noe's drug runner, Loveless, identified Noe as the perpetrator of the crime when he was shown the Petitioner's driver's license by the police — appears unreliable or unduly suggestive in the totality of the circumstances of this case.[32] As the district court correctly noted, the trial record does not indicate that anyone was induced to identify anyone else. Further, the in-court identifications by these two witnesses were entirely standard. Finally, our own review of the records leaves us with the firm impression that defense counsel adequately probed the circumstances and credibility of these identifications in cross-examination. In sum, we agree with the district court that there is no merit to Noe's claims regarding either out-of-court or in-court identifications and his attorney's conduct regarding these issues.

Noe's other major ground for asserting ineffective assistance of counsel is that his trial attorney failed to locate and call

_____

[32] Lowenfield v. Phelps, 817 F.2d 285, 297 (5th Cir. 1987), aff'd, 484 U.S. 231, 108 S.Ct. 546, 98 L.Ed.2d 568 (1988).

witnesses whose names he purportedly provided and whom he claims would have substantiated an alibi defense. The district court properly found this assertion to be totally without merit, as Noe specifically declined to provide an alibi defense in this trial and failed to identify any alleged alibi witnesses in this case or inform the court of the nature of their testimony.[33] Furthermore, we agree with the district court that even if Noe had offered an alibi defense, the outcome of his trial would not have been different in light of the aforementioned identifications of Petitioner as the perpetrator of the shootings. Finally, we conclude that defense counsel's general decision to abandon an alibi defense and concentrate on attempting to undermine the identifications described above was certainly a reasonable trial strategy and therefore cannot amount to ineffective assistance of counsel.

Noe's remaining grounds for arguing that his counsel's performance was constitutionally deficient are even weaker and deserve even shorter shrift. First, Noe's contention that his attorney was ineffective for failing to secure an expert to testify about the effect of drugs on the witnesses who identified him as the shooter lacks merit because these witnesses' drug-intoxicated condition was adequately revealed to the jury, which simply chose

---

[33] We note that Noe claims to have submitted names of these witnesses to his attorney, but his citations to the record in support of this assertion refer to the transcript of his murder trial, not this trial.

to credit their testimony anyway. A counsel's election not to call an expert to provide potentially redundant elaboration on undisputed facts of this nature cannot constitute ineffective assistance of counsel.[34]

Noe also complains of his counsel's failure to raise as an issue alleged discovery violations by the prosecution. Although the underlying allegations of discovery violations were waived by Noe's failure to raise them on direct appeal, we observe that Noe's trial counsel was aware of and pursued these matters at the trial level and that, at bottom, these purported discovery violations amounted to nothing more than conclusionary allegations that fail to raise a constitutional issue.

Finally, in similar fashion, Noe complains of his counsel's failure to request a curative instruction regarding Loveless' testimony that he was afraid of Noe because Noe had said he killed a police officer in Florida. This complaint lacks merit for several reasons. First, the testimony in question was offered to establish why Loveless denied knowing Petitioner when he was initially contacted by the police, not to prove Noe's bad character; consequently, it was not necessarily inadmissible. In any event, Noe's counsel did object to this testimony and his

---

[34] McCoy v. Cabana, 794 F.2d 177, 183 (5th Cir. 1986) (trial counsel's decision not to introduce redundant psychiatric report was presumptively reasonable decision in light of substantial direct testimony counsel had elicited concerning defendant's odd behavior and paranoia).

objection was sustained by the trial court. Noe's counsel's failure to request a jury instruction given his successful objection could well represent a reasonable tactical decision not to draw further attention to this unflattering testimony. Finally, even assuming that defense counsel's failure to request the jury instruction was deficient, such an omission was not such a "fundamental defect" that it would deprive Noe of a fair trial or raise a reasonable probability that the outcome of this trial would have been different.[35]

In sum, we hold that Noe has neither established that his counsel's performance was outside the "wide range of reasonable professional assistance" so as to be constitutionally deficient, nor shown that such minor errors as might have occurred were so fundamental as to deprive Noe of a fair trial.[36] Accordingly, the district court properly dismissed Noe's ineffective assistance of counsel claim as lacking merit.

4. UNWAIVED CLAIMS: SUFFICIENCY OF THE EVIDENCE AND SPEEDY TRIAL

We finally address the two claims that Petitioner has raised continually since his trial. The first of these claims is that, because of numerous inconsistencies in the record, there was insufficient evidence to support the jury's verdict and therefore Noe is entitled to a judgment notwithstanding the verdict. This

---

[35] Williams v. Lockart, 736 F.2d 1264, 1267 (5th Cir. 1984).

[36] Strickland, 466 U.S. at 689 & 687.

17

claim was considered in detail in Noe's direct appeal to the Mississippi Supreme Court, which found "unequivocal, credible evidence" that Noe "pursued, shot, and wounded," two individuals who had absconded with cocaine, and further found that there was no evidence that Noe acted in self-defense.[37] After closely reviewing the evidence adduced at trial and viewing it in the light most favorable to the prosecution, we find beyond peradventure that the evidence was sufficient to justify any rational trier of fact's finding proof of guilt beyond a reasonable doubt as to each element of the offenses charged.[38]

Noe's second unwaived claim is that he was denied his constitutional right to a speedy trial. As the district court noted, however, Noe was arrested and charged at the same time with different offenses arising from two separate incidents — first, murder and, second, the aggravated assault offenses under consideration in this petition. Further, the two resulting criminal cases were prosecuted simultaneously, with the exception of one additional continuance granted to the prosecution so that petitioner's murder trial could precede the aggravated assault trial. Thus, when the Mississippi Supreme Court addressed Noe's speedy trial claim in the context of the direct appeal of his murder conviction, its findings were applicable to Noe's speedy

---

[37] Noe v. State, 628 So.2d 1368, 1369 (Miss. 1993).

[38] Jackson v. Virginia, 443 U.S. 307, 319-324, 99 S.Ct. 2781, 61 L.Ed. 560 (1979).

18

trial claim here, in as much as the pertinent facts are almost entirely the same.[39]

Reaching the merits of this claim, we agree with both the district court and the Mississippi Supreme Court that Noe's constitutional right to a speedy trial was not violated in light of the balancing test set forth by the Supreme Court in Barker v. Wingo.[40]  Under that test four factors must be considered: (1) the length of the delay, (2) the reason for the delay, (3) whether the defendant has asserted his right to a speedy trial, and (4) whether the defendant was prejudiced by the delay.[41]  Although the length of the delay in this case was found by both the Mississippi Supreme Court and the district court to be presumptively prejudicial,[42] none of the other factors weigh in Noe's favor.  First, we observe that two of the most significant delays were caused by the petitioner himself — namely the continuance sought by the petitioner's first attorney and the delay caused by that initial attorney's subsequent withdrawal from the case due to strategic and personal conflicts with Noe.  Perhaps even more importantly, Noe did not affirmatively assert his right to a speedy trial until quite late in the day — after the first continuance and his first attorney's withdrawal had

---

[39] See Noe v. State, 616 So.2d 298, 300-302 (Miss. 1993).

[40] 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

[41] Barker, 407 U.S. at 530.

[42] Noe, 616 So.2d at 300-301.

19

occurred. Finally, petitioner has failed to present any specific evidence of how he was prejudiced by the delays that occurred. Given these considerations, we cannot say that the Mississippi Supreme Court's application of the well-established <u>Barker</u> factors to the facts of Noe's speedy trial claim was unreasonable under the new Amended Standard Procedures of the AEDPA.[43]    Accordingly, petitioner is not entitled to relief on this final ground.

5. EVIDENTIARY HEARING

As a final note, we briefly address Noe's request, which was denied by the district court, for an evidentiary hearing so that he could "vividly display his claims."   As Respondent notes, an evidentiary hearing in a federal habeas proceeding is now generally proscribed by the AEDPA except when a petitioner can demonstrate cause and actual innocence as provided under 28 U.S.C. §2254(e)(2) (1996).   Noe has not made such a showing; therefore the district court properly denied Noe's request for an evidentiary hearing.

**III**

**CONCLUSION**

For the reasons fully set forth above, the district court's dismissal of Noe's Petition for a Writ of Habeas Corpus is affirmed.

AFFIRMED.

---

[43] 28 U.S.C. § 2254(d); <u>Drinkard</u>, 97 F.3d at 769.